OPINION ON REMAND
MARK BUTTERFIELD, Chief Judge.
INTRODUCTION
This is a worker’s compensation insurance claim case that is before the Trial Court for the second time. The Trial Court has previously declared the Ho-Chwiik Nation Review Cmvmmim Ordinance, to be unconstitutional as it imper-missibly vested adjudicative powers to the Ho-Chunk Insurance Review Commission with no possibility of Trial Court review. See Judgment (HCN Tr. Ct., Aug. 12, 1999). This Judgment was appealed to the Ho-Chunk Nation Supreme Court by Ms. Ferguson. See Scheduling Order, SU 99-10 (HCN S.Ct., Sept. 28, 1999). On appeal, the Ho-Chunk Nation Supreme Court affirmed the Trial Court’s Judgment as to the unconstitutionality of the Ho-Chunk Nation Insurance Review Ordinance. See Decision, SU 99-10 (HCN S.Ct., Nov. 15, 1999) at 1. The case was then remanded to the Trial Court for a determination as to whether the Personnel Policies and Procedures Manual applies in the absence of the Ho-Chunk Nation Review Commission Ordinance, and if it is applicable, if the Nation’s sovereign immunity has been waived. See id. at 2. The issue has been briefed by Attorney Gerald Fox on behalf of Michele Ferguson, and by Tribal Attorney William Boulware [1] on behalf of the HCN Insurance Review Commission/Division of Risk Management. This issue is now ripe for a decision.
APPLICABLE LAW
Personnel Policies and Procedures Manual, General Purposes, p. 2.
These policies are issued as the official directive of the obligations of the Ho-Chunk Nation and the employees to each other and to the public. They are *296 to ensure consistent personnel practices designed to utilize to [sic ] the human resources of the Nation in the achievement of the desired goals and objectives.
[[Image here]]
It is the responsibility of the employer and employees to abide by these policies and procedures. Amendments to these personnel policies, procedures, and practices are subject to change at the Nation’s discretion in order to maintain their legal compliance, operational effectiveness, and the general scope of desired work-place conditions [sic ]. Upon amendments of any part of this manual, the Nation will endeavor to use normal communication channels to appease [sic ] employees, in a timely fashion, of such changes and their effect, if any.
Personnel Policies and Procedures Manual, Unit Operating Rules, p. 2.
Each separate and identifiable department, division, or work unit of the Nation may develop, implement, and revise as necessary such procedures and rules pertaining to unique operational requirements and their effect upon unit employees as are needed for efficient and effective performance of the unit. Such procedures and rules should not conflict with these policies and procedures, or amendments thereto, and must therefore be approved by the Personnel Committee prior to implementation.[2] When conflict may arise, the policies and procedures contained in this manual will prevail.
Personnel Policies and Procedures Manual, Mandated Benefits, p. 27.
B. Workers’ Compensation
The Nation pays the entire amount of the worker’s compensation insurance premium that provides benefits to employees who experience injury or illness in connection with Tribal employment. Eligibility automatically begins on the first day of employment.
The timeliness of payments to injured employees is dependent upon the Nation’s ability to expedite injury reports through our insurance claims representative. An injured employee the employee [sic] and supervisor must complete an injury report form at the earliest possible time, and submit the form to the Insurance Department, regardless of how minor the injury may be.
Ho-Chunk Nation Resolution 6-9-98A

Limited Wa iver of Sovere ign Immunity:

The Ho-Chunk Nation hereby expressly provides a limited waiver of sovereign immunity to the extent that the Court may award monetary damages for actual lost wages and benefits established by the employee in an amount not to exceed $10,000, subject to applicable taxation. Any monetary award granted under this Chapter shall be paid out of the departmental budget from which the employee grieved. In no even shall the Trial Court grant any monetary award compensating an employee for actual damages other than with respect to lost wages and benefits. The Trial Court specifically shall not grant any monetary award against the Nation or its officials, officers, and employees acting within the scope of their authority on the basis of injury to reputation, defamation, or other similar invasion of privacy claim; nor *297 shall the Trial Court grant any punitive or exemplary damages.
Ho-Chunk Nation Wohker’s Compensation Plan, 1995
1.013 Primary Physician
A licensed medical doctor located and practicing within 100 miles of the employee’s home at the time of the injury and from whom the Employee receives medical treatment for a Compensable Bodily Injury.
Ho-Chunk Nation Worker’s Compensation Plan, January, 1998
1.013 Primary Physician
Approved Health Care Providers by the Ho-Chunk Nation within 75 miles of the employee’s home at the time of the injury and from whom the Employee receives medical treatment for a Compen-sable Bodily Injury.
2.004
Nothing in this Plan, including any assertion of right of privilege, shall waive, or be construed to work as a constructive waiver of the Nation’s sovereign immunity from suit by any party.
DECISION
This is a case of first impression. The Court has declared the Ho-Chunk Nation Insurance Revietv Commission Ordinance [hereinafter Ordinance] unconstitutional, in its August 12, 1999 Judgment. The issue has become: what law controls in the absence of that Ordinance? Moreover, has the Nation waived its sovereign immunity for worker’s compensation insurance claims?
The plaintiff has argued that the language of the Personnel Policies and Procedures Manual [hereinafter PPM] controls, and that this claim is subject to the limited waiver of sovereign immunity found in Ho-Chunk Nation Resolution 6/09/98A [hereinafter Resolution]. The defendant has argued that the Ho-Chunk Nation Worker’s Compensation Plan [hereinafter Plan] continues to control, and that the Plan specifically does not waive the Nation’s sovereign immunity as to this claim. In the alternative, the defendant has urged the Court to read the Plan and the PPM in conjunction and reach the determination that the Nation has not waived its sovereign immunity as to worker’s compensation insurance claims.[3]
After careful consideration, the Court finds that the PPM controls this case, and the Nation’s sovereign immunity has been waived, after the voiding of the Ordinance. The PPM specifically includes worker’s compensation as a mandated benefit. See PPM at 27. The Nation, in the RESOLUTION, has stated: “In no event shall the Trial Court grant any monetary award compensating an employee for actual damages other than with respect to lost wages and benefits.” See Resolution 6-9-98A (emphasis added). Logic dictates that worker’s compensation, as a mandated benefit, is included in this word “benefits” as used in the limited waiver of sovereign immunity.
Moreover, even a reading of the PLAN in conjunction with the PPM leads to this *298 conclusion. The PPM allows each department and division to create its own set of operating rules and procedures. See PPM at 2. Those division and departmental procedures, though, are not to conflict with the statements contained within the PPM. See id. The Plan would appear to be a set of rules or procedures created by a department or division, and therefore conflicts with the PPM are decided in favor of the language in the PPM. See William Goodbear v. Ho-Chunk Nation Housing Authority, Case No. CV 98-11 (HCN Tr.Ct., Nov. 12, 1999). It is true that the Nation has explicitly stated within the Plan that the Nation has not waived its sovereign immunity. See Plan at 3. This statement is contrary to what is found in the PPM, and therefore the PPM controls. In other words, the Nation did not need to waive sovereign immunity in the Plan, it had already been waived through the PPM.
The ultimate issue then becomes whether the plaintiff had coverage for her alleged injury or not. Unfortunately, the Court cannot answer that question at this time. The plaintiff has alleged that she had a copy of the 1995 Plan, which would have allowed her to see any physician within 100 miles of her home. She has further alleged that she did not have proper notice of the January 1998 Plan until a memorandum concerning the requirement to see “an approved provider” was posted in her department on January 13, 1999, with each employee required to sign, date, and read the memorandum in February of 1999. The defendant, without supporting arguments as to notice or the effective date of the January 1998 Plan, appears to allege that the January 1998 Plan controls.
This issue of coverage will therefore have to be set for a Fact Finding Hearing. The Court directs Tribal Attorney Michael Murphy and Attorney Gerald Fox to discuss a mutually acceptable date and time for the Fact Finding Hearing and schedule it with the Clerk of Court accordingly.
This Opinion on Remand is not a final judgment in this case. A final Judgment, will be issued after the Fact Finding Hearing referenced above. As this is not a final judgment, if either party is dissatisfied with the decision of this Court, they may file an interlocutory appeal (Petition for Permission to Appeal) with the Ho-Chunk Nation Supreme Court within ten (10) calendar days from the date this Court renders this Opinion on Remand. The Petition for Permission to Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Petition for Permission to Appeal must contain a statement of the facts necessary to an understanding of the controlling question of law determined by the order of the Trial Court; a statement of the question itself; and a statement of the reasons why substantial basis exists for a difference of opinion on the question and why an immediate appeal may materially advance the termination of the litigation. In addition, the Petition for Permission to Appeal must contain, or have annexed to it, a copy of the Trial Court order from which appeal is sought. All appellate pleadings to the Ho-Chunk Nation Supreme Court must be in accordance with the Ho-Chunk Nation Rules of Appellate Procedure.

. On March 29, 2000, the defendant filed a Notice oj Substitution of Counsel, naming Tribal Attorney Michael Murphy as the attorney of record.

. The Court is unaware if the Worker's Compensation Plans at issue have been approved by the Personnel Committee.

. The defendant also argues that the Plan states specifically that it provides the employee's exclusive remedy against the Nation. Though not argued by either party, the Court notes that the January 1998 Plan contains language almost identical to the language used in the now-voided version of the Ho-Chunk Insurance Review Commission Ordinance. The Court finds this similarity very troubling in that again, no Trial Court review is possible.